# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

No. 14-20304
Summary Calendar

KIMBERLY DIAMOND-BROOKS; VALERIE ANN GONZALES,

Plaintiffs–Appellees,

v.

RAYMOND BERRYMAN

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3482

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

This case arises from an incident in which appellant Raymond Berryman, a police officer, shot Kimberly Diamond-Brooks in the face following an incident at a nightclub. Berryman brings this interlocutory appeal from the district court's denial of his motion for summary judgment on the basis of qualified immunity. Berryman argues that the district court erred when it concluded that there were questions of fact precluding summary judgment on his claim of qualified immunity. Because we agree with the district court's

---

* Pursuant to Fifth Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Cir. R. 47.5.4.

No. 14-20304

conclusion that the dispute of fact is material, we lack jurisdiction, and we DISMISS this appeal.

## I.

The district court's opinion describes the events giving rise to this case. *See Diamond-Brooks v. City of Webster, Tex.*, No. 12-cv-3482, 2014 WL 527910 (S.D. Tex. Feb. 6, 2014), *modified*, 2014 WL 1761612 (S.D. Tex. April 30, 2014). We recount the facts most pertinent here. In February 2011, Officer Berryman and his partner, Sergeant Mark Rawls, were dispatched to Club Eden, a Webster, Texas nightclub, to respond to a fight between patrons. When the officers arrived at the club, Berryman went to the scene of the fight and Rawls stopped to speak with a club employee.

Officer Berryman attempted to physically subdue Michael Roman, who was involved in the fight. During their struggle, Rawls came into the area and wrestled Roman to the ground. Diamond-Brooks then began to approach the officers. At this point, the parties' accounts differ. According to Plaintiffs, Berryman told Diamond-Brooks to move back, and then he raised his weapon, pointed it at her, and shot her in the face.

According to Berryman, while Rawls and Roman were struggling, an unknown patron grabbed Berryman from behind and began to choke him. Berryman states that he could not breathe, feared he would pass out, and removed his gun from the holster. Berryman states that unknown patrons then grabbed his arm and hand that were holding his gun, causing it to fire.

## II.

A district court's denial of a motion for summary judgment on the basis of qualified immunity is immediately appealable under the collateral order doctrine, to the extent that the order turns on a matter of law. *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2011). We lack jurisdiction to resolve "the genuineness of any factual disputes" and retain jurisdiction only to

2

determine "whether the factual disputes are material." *Kovacic*, 628 F.3d at 211 n.1. We view the facts in the light most favorable to the non-moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

The test for qualified immunity asks whether the defendant violated a federal constitutional right on the facts alleged and whether the right was clearly established. *McClendon v. City of Columbia*, 305 F.3d 314, 322–23 (5th Cir. 2002) (en banc). The defendant is entitled to qualified immunity if his actions were objectively reasonable in light of the clearly established legal rules at the time of the violation. *Id.* at 323. A right is clearly established only if "the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014).

## III.

The district court correctly found that under a reasonable officer standard, if Berryman voluntarily fired his weapon, at point blank range in a crowded bar, at Diamond-Brooks, who did not pose a threat to the officer or others, Berryman would not be entitled to qualified immunity. The district court concluded that there was a genuine issue of material fact as to whether Berryman voluntarily fired his weapon at Diamond-Brooks, or if the gun went off during a struggle between Berryman and an unknown patron. For the reasons explained above, we do not have jurisdiction to review the district court's denial of summary judgment. APPEAL DISMISSED.[1]

---

[1] Appellee's counsel has inexplicably failed to file a response in this appeal, despite our grant of additional time to do this. While this does not render Appellant's case any more meritorious, given the record before us, it is especially concerning given appellee's counsel's prior dilatory conduct that has already been addressed by the district court (In its February 6, 2014 order the district court admonished appellee's counsel for failing to provide witness's names to the defense by the appropriate deadline and in its April 30, 2014 order the district court refused to consider appellee's "newly discovered evidence" because it determined that counsel had not been diligent in reviewing the record).